IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 15-28378 |
| | ) | |
| Nicola M. Salvatore | ) | |
|         Debtors | ) | Judge: Schmetterer |
| | ) | |
| | ) | |
| | ) | Chapter: 13 |
| Nicola M. Salvatore | ) | |
|         Plaintiffs, | ) | |
| | ) | No. 16-00198 |
| v. | ) | |
| | ) | |
| First American Bank | ) | |
| | ) | |
|         Defendant | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This cause coming to be heard on motion of Plaintiffs, D First American Bank, for Default Judgment pursuant to Bankruptcy Rule 7055 and F.R.C.P. Rule 55, filed against First American Bank, due notice having been given and the Court being fully advised in the premises, it is hereby found:

Defendant First American Bank holds a second junior mortgage on the Property, commonly known as 17 Sauk Trail, Park Forest, IL 60466.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

A. Parties:

    1. The Plaintiff is Nicola M. Salvatore (Plaintiffs).
    2. The Defendnat is First American Bank (Defendnat).

B. Factual Background and Conclusions of Law.

    1. The court finds on 3/17/16, the Plaintiff filed and properly served an Notice of Motion and Motion for Entry of Default & Default Judgment, upon Defendant, holder of the junior lien on the above-mentioned property.

1A. The Court finds the appraised value is $24,533.00, The First Mortgage is $61,000.00, and the Mortgage of Defendat is $8,646.28. The amount owed on the First Mortgage exceeds the the value of the real estate.

2. The court further finds, pursuant to Bankruptcy Rule 7055, incorporating F.R.C.P. Rule 55, that based on Defendant's failure to plead or otherwise defend, the court must enter a Default Judgment against them on the Adversary Complaint filed 3/17/16.

3. The court also finds as a result of this Default Judgment Order being entered, there is no security for the debt to attach to and therefore that the second junior mortgage of Defendnat and the debt and is completely unsecured for purposes of the above captioned Chapter 13 Case;

4. Additionally, the court finds that the Debtors' Chapter 13 Plan in the underlying case 15-28378 has treated the debt and mortgage of Defendnat as completely unsecured.

5. To the extent that a lein secures a claim against the debtor that is not an allowed secured claim, such lien is void..." 11 U.S.C.Sec. 506(d). If a debtor's cyhapter 13 case is dimissed then any lein voided under Sec 506(d) is reinstated 11 U.S.C. Sec 349 (b) (1)(c)  A majority of circuits hold a wholly uncsecured junior mortgage is subject to strip off prusuant to 11 U.S.C. Sec. 506(d) See Pond v. Farm Specialists Realty  252 F.rd 122 (2nd Cir 2001)

The court concludes:

1. For purposes of the Chapter 13 plan only, any claims asserted by the defendant stemming from its Mortgage Lien (identified by the last four digits of the account number as 6570) against the property are entirely unsecured pursuant to 11 U.S.C. § 506(a) given the value of the property and the amount of senior liens;

2. Any timely filed proof of claim of the defendant for the Mortgage Lien will be treated as an unsecured claim in the Chapter 13 plan; and

3. Upon completion of the Chapter 13 plan and entry of discharge the defendant's Mortgage Lien will be deemed satisfied pursuant 11 U.S.C. §§ 1322(b)(2), 1327 and 1328(a)).

Dated:  6/7/16

United States Bankruptcy Judge